Abran E. Vigil
Nevada Bar No. 7548
Russell J. Burke
Nevada Bar No. 12710
Kyle A. Ewing
Nevada Bar No. 14051
BALLARD SPAHR LLP
100 North City Parkway, Suite 1750
Las Vegas, Nevada 89106
Telephone: (702) 471-7000
Facsimile: (702) 471-7070
vigila@ballardspahr.com
burker@ballardspahr.com
ewingk@ballardspahr.com

*Attorneys for JPMorgan Chase Bank, N.A.*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company; MONTAGNE MARRON COMMUNITY ASSOCIATION, a Nevada non-profit corporation; RODRIGO J. COLOMA, an individual; NICOLE E. COLOMA, an individual, <br><br> Defendants. | Case No.: 2:16-cv-02230-RFB-VCF <br><br> **JOINT STIPULATION AND ORDER TO STAY LITIGATION** |
| SFR INVESTMENTS POOL 1, LLC, a Nevada limited liability company, <br><br> Counterclaimant/Cross-Claimant, <br><br> vs. <br><br> JPMORGAN CHASE BANK, N.A., a national banking association; RODRIGO J. COLOMA, an individual, <br><br> Counter-Defendant/Cross-Defendant. | |

/ / /

# STIPULATION AND ORDER TO STAY LITIGATION

Plaintiff/Counter-defendant JPMorgan Chase Bank, N.A. ("Chase"), Defendant/Counterclaimant/Cross-Claimaint SFR Investments Pool I, LLC ("SFR"), and Defendant Montagne Marron Community Association (the "HOA") (collectively, the "Parties")[1], hereby stipulate and agree as follows:

1. This is a quiet title action arising from a homeowners' association foreclosure sale (the "Sale") of residential property located at 11208 Lavandou Drive, Las Vegas, Nevada (the "Property").

2. Alessi & Koenig, LLC, as agent for the HOA, conducted the Sale pursuant to NRS Chapter 116.

3. Chase alleges it is the beneficiary of a deed of trust recorded against the Property. Chase contends that the deed of trust survived the Sale or, alternatively, that the Sale was void.

4. SFR contends the Sale extinguished the deed of trust as a matter of law.

5. Chase added the HOA as a necessary party to the action due to its role in the Sale.

6. Chase argues, among other things, that the notice provisions of NRS Chapter 116 are facially unconstitutional under the Due Process Clause of the Fourteenth Amendment.

7. In *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th Cir. 2016), the Ninth Circuit Court of Appeals accepted this argument and held that Chapter 116's notice provisions facially violate due process by requiring purported junior lienholders to "opt in" for notice of a homeowners' association foreclosure sale.

---

[1] Defendant Rodrigo Coloma has been served but has not appeared. The staying of this action would not prejudice Rodrigo Coloma in any way. Chase voluntarily dismissed Nicole Coloma from this action.

2

8. In *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg.*, 388 P.3d 970, 972 (Nev. 2017), the Nevada Supreme Court disagreed with *Bourne Valley* by holding that a foreclosure sale under Chapter 116 does not involve sufficient state action to implicate the Due Process Clause of the Fourteenth Amendment. *See id.* The non-prevailing party in *Bourne Valley* petitioned the United States Supreme Court for certiorari on or about April 5, 2017.

9. The Parties request a stay of litigation to allow the United States Supreme Court to address the certiorari petition in *Bourne Valley*.

10. Several judges in this district have stayed similar cases pending the exhaustion of all appeals before the United States Supreme Court. *E.g.*, *Nationstar Mtg. LLC v. Green Valley S. Owners Assoc.*, No. 2:16-cv-00883-GMN-GWF (D. Nev., Oct. 5, 2016); *Bank of America, N.A. v. Canyon Willow Trop Owners' Assoc.*, No. 2:16-cv-01327-GMN-VCF (D. Nev. Oct. 26, 2016); *Deutsche Bank Nat'l Trust Co. v. Copper Sands HOA*, No. 2:16-cv-00763-JAD-CWH (D. Nev. Feb. 28, 2017); *Ditech Financial Services, LLC v. Highland Ranch Homeowners Assoc.*, No. 3:16-cv-00194-MMD-WGC (D. Nev. Mar. 7, 2017); *Wells Fargo Bank, N.A. v. Las Vegas Dev. Group, LLC*, 2:16-cv-02621-RFB-NJK (D. Nev. Mar. 9, 2017).

11. To determine if a continued stay is appropriate, the Court considers (1) any potential damage or prejudice arising from the stay; (2) any potential hardship or inequity that befalls one party more than the other as a result of the stay; and (3) the orderly course of justice. *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors). Here, the factors support a stay of litigation.

    a. Damage or Prejudice from Stay: Any potential damage or prejudice arising from a temporary stay in this case would be minimal when balanced against the fees, costs, and time which will be incurred in litigation. The resolution of the appeal in *Bourne Valley* could resolve threshold issues pending in this matter and accordingly influence the

3

litigation strategies of the parties. A stay would also ensure that the issues raised in this matter are resolved in a consistent and efficient manner. Moreover, a stay will conserve judicial resources and promote judicial efficiency by preventing potentially unnecessary litigation pending the outcome of the appeals.

    b. Hardship or Inequity: The Parties agree that any potential hardship or inequity falling on any of them is outweighed by the benefits of a stay, as all parties will benefit from waiting until the appeals are resolved.

    c. Orderly Course of Justice: At the center of this case is a homeowners' association's foreclosure sale under NRS 116. The outcome of any Supreme Court appellate proceedings in *Bourne Valley* has the potential to resolve threshold issues pending in this matter. Without a stay, the parties will expend resources on litigation involving these cases that could be rendered unnecessary if the petition is granted. A temporary stay would substantially promote the orderly course of justice in this case by preventing unnecessary expenditure of the parties' and the Court's resources pending final resolution of *Bourne Valley*.

12. The Parties agree that all proceedings in the instant case, including motion, discovery, and other litigation deadlines are stayed pending final resolution of the *Bourne Valley* certiorari proceedings before the U.S. Supreme Court.

13. The Parties agree to submit a status report to the Court every 90 days after the date of an order granting this joint motion.

14. The Parties further agree that each report will inform the Court of the status of the certiorari petition in *Bourne Valley*.

15. The Parties further agree that each report will inform the Court regarding whether the Parties wish to keep the stay of litigation in place or lift the stay.

4

16. The Parties further agree that any party to this case may independently move to lift the stay at any time.

Dated: this 11th day of May, 2017.

| BALLARD SPAHR LLP | KIM GILBERT EBRON |
|---|---|
| /s/ Russell J. Burke<br>Abran E. Vigil, Esq.<br>Nevada Bar No. 7548<br>Russell J. Burke<br>Nevada Bar No. 12710<br>Kyle A. Ewing<br>Nevada Bar No. 14051<br>100 North City Parkway, Suite 1750<br>Las Vegas, Nevada 89106 | /s/   Jacqueline A. Gilbert<br>Diana Cline Ebron<br>Nevada Bar No. 10580<br>Jacqueline A. Gilbert<br>Nevada Bar No. 10593<br>Karen L. Hanks<br>Nevada Bar No. 9578<br>7625 Dean Martin Dr., Suite 110<br>Las Vegas, Nevada 89014 |
| *Attorneys for JPMorgan Chase Bank, N.A.* | *Attorneys for SFR Investments Pool 1, LLC* |

THE CLARKSON LAW GROUP, P.C.

By:   /s/ Matthew J. McAlonis
Matthew J. McAlonis, Esq.
Nevada Bar No. 10003
2300 West Sahara Ave., Ste. 950
Las Vegas, NV 89102

*Attorney for Montagne Marron Community Association*

**ORDER**

**IT IS SO ORDERED.**

U.S. MAGISTRATE JUDGE

Dated:   5-12-2017